# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHIMEL C. KNOWELL,

        Petitioner,

v.                                            Case No. 06-CV-152

UNITED STATES OF AMERICA,          (Criminal Case No. 04-CR-185)

        Respondent.

## ORDER

This matter comes before the court on Shimel Knowell's petition, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the 135 month sentence he is currently serving. In a Rule 4 order, this court ordered that the government respond to Knowell's petition and further directed that Knowell's trial attorney file an affidavit with the court specifically addressing Knowell's claims. Subsequent to his initial filings, Knowell has filed two motions for summary judgment [Docket #s 9 and 10] and a motion for an evidentiary hearing [Docket # 14]. The court has reviewed all of the filings and is now prepared to address the merits of the petition. For the reasons set forth below, Knowell's subsequent filings [Docket #s 9, 10 and 14] will be denied as moot and his § 2255 petition will be granted.

## BACKGROUND

In Knowell's underlying case, he was charged in a single-count indictment for knowingly and intentionally possessing crack cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii). Attorney Hazel

Washington was appointed to represent Knowell and, during the pendency of his case, was charged in this district with tax evasion. (*See United States v. Hazel Washington*, 05-CR-114.) Due to the potential conflict of interest Washington's own criminal proceedings posed, Knowell signed and filed a waiver of conflict with the U.S. Attorney's Office. During the pendency of Knowell's case, Washington's own criminal matter proceeded apace and she plead guilty to a single-count information charging her with tax evasion. Shortly after Knowell's sentencing hearing, her license to practice law was summarily suspended by the Wisconsin Supreme Court and she herself was sentenced to a five month term of imprisonment on March 1, 2006.

**ANALYSIS**

Knowell presents a claim of ineffective assistance of counsel in his § 2255 petition and argues that Ms. Washington failed to file a notice of appeal despite his timely request for her to do so. Relief under 28 U.S.C. § 2255 "is reserved for extraordinary situations," *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996), and "is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

As the court noted in its Rule 4 order, failure to file an appeal as requested constitutes ineffective assistance of counsel because such conduct falls below an

objective standard of reasonableness. *Roe v. Fores-Ortega*, 528 U.S. 470, 477 (2000). Although claims for ineffective assistance of counsel are often governed under the two-pronged "performance" and "prejudice" standards set forth in *Strickland v. Washington*, 466 U.S. 668, 668-94 (1984), when a petitioner claims ineffective assistance of counsel for a failure to file a requested appeal, the petitioner is not required to show "prejudice" because such attorney's conduct is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *See United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 1995); *see also Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

To succeed on a claim for ineffective assistance of counsel due to an attorney's failure to file a notice of appeal, the Seventh Circuit has required a finding that the defendant actually requested to file a timely appeal. *Kusay v. United States*, 62 F.3d 192, 196 (7th Cir. 1995). If a defendant does not make a request for an appeal in open court, or communicate a desire to appeal to his attorney within ten days, then relief is not available under § 2255. *See Nagib*, 56 F.3d at 800-801.

The record before the court is sufficient to allow it to make such a determination and, on this record, the court finds that Knowell did indeed timely communicate to Washington that she file a notice of appeal on his behalf. The court points to Knowell's own filings and the affidavit of Hazel Washington in making this determination.

Although they are arguably self-serving, the court finds that Knowell's § 2255 petition is compelling to support a finding that he did request Washington to file an appeal. He clearly states that after the imposition of his sentence, he informed Washington that he wished to pursue an appeal. (Pet.'s Mot. 10.) In subsequent filings, Knowell attached a letter exhibit from Washington in which she states, "[y]ou are correct in that you contacted my office and said you wanted to appeal." (Pet.'s Amend. Motion, Ex. B-2.) In Washington's affidavit, she averred that she recalled Knowell telling her immediately after the sentencing hearing that he would be coming to her office to discuss his appeal. (*See* Washington Aff'd. ¶ 1.) Washington also stated that on July 26, 2005, she mailed a letter to Knowell that he should obtain new counsel to do his appeal. (*Id.* ¶ 5.) Finally, while certainly less reliable than the statements of Knowell and Washington, Knowell's family members aver to the court that they believed Knowell requested that an appeal be filed immediately after his sentenced was imposed. (*See* Aff'd of Keisha Knowell.) The court finds that these filings seem to corroborate the fact that Knowell wished to proceed on appeal.

The court reaches this conclusion notwithstanding the government's argument that the record does not support a finding of when Knowell requested an appeal be filed. The government argues that although it is clear that Knowell did request an appeal at some point, it argues that record is inconclusive as to *when* this request was made. This is an important determination, because a petitioner must demonstrate not only that he did in fact request an appeal be filed, the request had

- 4 -

Case 2:06-cv-00152-JPS   Filed 02/29/08   Page 4 of 7   Document 16

to be timely to demonstrate ineffective assistance of counsel. See *Nagib*, 56 F.3d at 800-801. However, the court disagrees with the government's arguments and finds that Washington's affidavit stating that she told Knowell to obtain new counsel on July 26, 2005, is telling because it demonstrates that Washington was aware that Knowell elected to appeal at least prior to or on this date.

The ten-day time period for filing an appeal began to run on August 1, 2005, the day Knowell's judgment was docketed. Fed. R. App. P. 4(b)(1)(A). By the court's calculations, Knowell would have had, theoretically, until August 15, 2005, to notify Washington of his desire to appeal. By his own statements, he argues that this was done immediately following his sentence and, therefore, well in advance of his ten-day deadline. By Washington's admissions, she was arguably aware that he was desirous on the day of his sentencing hearing, on July 14, 2005, but she was unequivocally aware that he wanted an appeal on July 26, 2005, the day that she informed him to obtain new counsel to proceed on appeal. Therefore, the court finds that the request for an appeal had to have been prior to the July 26, 2005 date, and in any event, it was well within the ten days of the docketing of the judgment as Knowell's judgment had not even been docketed by that date. Accordingly, although the court appreciates that this is extraordinary relief, it nevertheless finds that Knowell has met his burden of proof because he can demonstrate, through detailed and specific affidavits and filings, that an appeal request was made within ten days

- 5 -

Case 2:06-cv-00152-JPS   Filed 02/29/08   Page 5 of 7   Document 16

of the docketing of his judgment. *See Paters v. United States*, 159 F.3d 1043, 1051 (7th Cir. 1998).

The court believes that Washington was under the mistaken belief that she could not file the appropriate paperwork to effectuate an appeal due to her own pending criminal matters. The court determines that the better course would have been for Washington to file the notice of appeal and then withdraw, as is customary in this district. As such, the court determines that Knowell made a timely request for an appeal and that his request was disregarded by Washington because she did not file an appeal within ten days of the docketing of his judgment. Washington's failure to follow Knowell's instructions constituted ineffective assistance of counsel and a *per se* violation of Knowell's Sixth Amendment rights. *See Roe v. Fores-Ortega* 528 U.S. at 477; *see also Nagib*, 56 F.3d at 800-801.

In *United States v. Hirsch*, 207 F.3d 928 (2000), the Seventh Circuit advised that when a district court finds an attorney was ineffective for failing to ensure that an appeal was filed if timely requested by a defendant, the court must "vacate the judgment and reimpose the sentence to permit an appeal." *Id.* at 931. Accordingly, this court will vacate Knowell's judgment and reimpose his sentence to permit a timely appeal. The clerk of the court will be directed to prepare and file a Notice of Appeal on behalf of the defendant.

Accordingly,

**IT IS ORDERED** that Knowell's motions for summary judgment [Docket #s 9 and 10] be and the same are hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that Knowell's motion for an evidentiary hearing [Docket # 14] be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that Knowell's petition under 28 U.S.C. § 2255 be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the judgment in Case No. 04-CR-185 [Docket # 37] be and the same is hereby **VACATED**; and

**IT IS FURTHER ORDERED** that the sentence previously imposed be and the same is reimposed commensurate with the docketing of this order, and the clerk of the court shall prepare and file a notice of appeal on behalf of the defendant within ten days of the docketing of this order.

The clerk is further directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge